# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY FOUNTAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-cv-4695 |
| ) | |
| SHERIFF TOM DART, ) | Judge John W. Darrah |
| SUPERINTENDENT SALAZAR, ) | |
| LIEUTENANT SMITH #153, ) | |
| SERGEANT CRUZ #874, and ) | |
| OFFICER BLAKE #8100, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Timothy Fountain filed this action *pro se* under the Civil Rights Act, 42 U.S.C. § 1983.[1] He alleges that he was beaten by Cook County Correctional Officers while detained at the Cook County Jail and names several Defendants: Sheriff Tom Dart, Superintendent Salazar, Lieutenant Smith, Sergeant Cruz, and Officer Blake. Defendants filed a Motion for Summary Judgment, arguing that the undisputed material facts demonstrate that Fountain failed to properly exhaust administrative remedies before filing suit in this Court. For the reasons stated below, the Motion is granted.

## BACKGROUND

The following facts are taken from the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1. Local Rule 56.1(a)(3) requires the party moving for summary judgment to provide "a statement of material facts as to which

---

[1] Fountain is now represented by counsel (appointed on December 2, 2009), who responded to Defendants' Motion for Summary Judgment on Fountain's behalf.

the moving party contends there is no genuine issue." Rule 56.1(b)(3) then requires the nonmoving party to admit or deny each factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). A litigant's failure to dispute the facts set forth in its opponent's statement in the manner required by Local Rule 56.1 results in those facts' being deemed admitted for purposes of summary judgment. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

Fountain has been housed continuously at the Cook County Department of Corrections ("CCDOC") as a pre-trial detainee since approximately August 2006. (Def. SOF ¶ 1.) Superintendent Salazar, Lieutenant Smith, Sergeant Cruz and Officer Blake were employed by the CCDOC during the relevant time period and are being sued in their individual and official capacity. Sheriff Dart is sued in his official capacity.[2] (Def. SOF ¶ 2.)

On April 5, 2007, Fountain was being housed in an open dormitory setting without individual cells. (Def. SOF ¶ 3.) On that day, he engaged Sergeant Cruz in an argument and was instructed to proceed to disciplinary segregation. (Def. SOF ¶ 4.) As Fountain was being escorted off of the dorm, he and Officer Blake became involved in a physical altercation. (Def. SOF ¶ 4.)

Fountain filed a grievance regarding that incident on April 8, 2007. (Def. SOF ¶ 5.) He included a two-page, handwritten summary of what allegedly occurred and submitted it to a CCDOC supervising officer. (Def. SOF ¶ 6.) On April 17, 2007,

---

[2] Fountain's claims against Sheriff Dart in his individual capacity were dismissed on August 5, 2008.

2

Fountain's grievance was received by a CCDOC Correctional Rehabilitative Worker, who referred the matter that same day to the Internal Affairs Department ("IAD") for investigation. (Def. SOF ¶ 7.)

IAD officer Miriam Rentas conducted the investigation and responded in writing on April 23, 2007, as follows: "IAD inquiries show inmate refused to follow a direct order then became combative towards staff. No IAD case file warranted. Paperwork on file." (Def. SOF ¶ 8.) The response also states, "*APPEALS MUST BE MADE WITHIN 14 DAYS OF THE DATE THE DETAINEE RECEIVED THE RESPONSE*." (Def. SOF ¶ 10.) Fountain signed for and received the IAD response. (Def. 56.1 ¶ 9.) At his deposition, Fountain admitted that he recognized his signature on the response with April 26, 2007, listed as the date on which it was received. (Def. Reply to Pl. Resp. to Def. 56.1 ¶ 9.) In his Complaint, he alleges that he did not receive the response until May 10, 2007. (Pl. Resp. to Def. 56.1 ¶ 9.) As discussed below, it is unnecessary to reconcile Fountain's contradictory statements.

According to CCDOC's "detainee grievance policies," a detainee is required to properly exhaust all departmental remedies (which includes filing an appeal of an unfavorable grievance response) before filing a related lawsuit. (Def. SOF ¶ 14.) Fountain did not file an appeal of the grievance response with CCDOC. (Def. SOF ¶ 12.)

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the

3

court of the basis for its motion and identifying the evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). If the moving party meets this burden, the nonmoving party cannot rest on conclusory pleadings but "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 596 (7th Cir. 1995) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986)). A mere scintilla of evidence is not sufficient to oppose a motion for summary judgment; nor is a metaphysical doubt as to the material facts. *Robin v. Espo Eng. Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000) (citations omitted). Rather, the evidence must be such "that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (*Anderson*)).

In considering a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005) (citing *Anderson*, 477 U.S. at 255). The court does not make credibility determinations or weigh conflicting evidence. *Id.*

## ANALYSIS

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner may not bring a federal lawsuit challenging the conditions of his confinement until first exhausting "such administrative remedies as are available." *See* 42 U.S.C. § 1997e(a).

The rule "applies to 'all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). The PLRA's purpose is to "reduce the quantity and improve the quality of prison suits." *Woodford v. Ngo,* 548 U.S. 81, 93-94 (2006) (*Woodford*) (citation omitted). It is not enough for an inmate to comply with a portion of established administrative procedures. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999). The PLRA requires *proper* exhaustion of administrative remedies. *Woodford*, 548 U.S. at 84. An untimely or otherwise procedurally defective grievance or appeal will not suffice. *Id.* at 83.

It is undisputed that Fountain received a response to his April 8 grievance and that he did not file an appeal of that response pursuant to CCDOC policies. The only dispute concerns the date on which Fountain received that response.

The IAD's response to Fountain's April 8 grievance contains Fountain's signature next to the words, "Date Detainee Received Response," after which is written, "4/26/07." Consistent with that document, as mentioned above, Fountain admitted at his deposition that he received the response on April 26, 2007, and that he does not believe he filed an appeal. Nonetheless, Fountain now argues that his verified Complaint creates a dispute as to the date on which he received that response by stating, "The reason why I didn't appeal was they delivered the response May 10th so the 14th day time frame expired, so I wrote another grievance in replace [*sic*] of appeal procedure." (Compl. ¶ III.D.)

5

As an initial matter, there is a dispute as to whether Fountain's Complaint is in fact verified. Defendants assert that it is not, but the copy they attached to their Motion for Summary Judgment is incomplete. Fountain's Complaint consists of what appears to be an older version of this district's standard-form "Complaint Under the Civil Rights Act 42 U.S.C. § 1983 Against Federal, State, County, or Municipal Defendants." However, the last page of the form – which contains a place for the complainant's signature and certification – was omitted. In its place is a Petition for Writ of *Habeas Corpus*, which is entirely blank except for the last page, on which Fountain placed his signature under the words, "I declare under penalty of perjury that the foregoing is true and correct." Next to Fountain's signature is a notary's stamp and signature, dated May 31, 2007. Copies of Fountain's CCDOC Grievance documents are attached behind the signature page.

It could be argued that Fountain's signature on a blank *habeas* petition should not be construed as an attestation for a Complaint that was filed almost three months after the date on which the signature page was notarized, and it is not clear from the docket whether this signature page was actually served on Defendants. That issue need not be resolved, however, because Fountain's assertion that he did not receive a response until May 10, even if true, is not sufficient to defeat Defendants' Motion for Summary Judgment. The CCDOC grievance procedure expressly required Fountain to appeal the response to his grievance within 14 days of *receiving the response*. The undisputed facts show that Fountain did not file any appeal within fourteen days of the date on which he received the IAD's response – whether that date was April 26 or May 10. Accordingly,

Fountain failed to properly exhaust his administrative remedies, and he is barred from asserting those claims in this Court. Defendants' Motion for Summary Judgment is granted.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment is granted in its entirety. This action is terminated.

Date: August 30, 2011

JOHN W. DARRAH
United States District Court Judge